UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

FPL ENERGY POINT BEACH, LLC,

        Plaintiff,

v.                                      Case No. 07-cv-00556-JCS

ENERGY RESOURCES OF
AUSTRALIA LTD,

        Defendant.

---

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

It appearing to the Court that a Protective Order is necessary and appropriate and will facilitate discovery, and upon consent of Plaintiff and Defendant, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

### Definitions

1.    All words or phrases have their ordinary dictionary definition unless defined below.

2.    "Party" or "Parties" means the named Parties in this litigation.

3.    "Producing Party" means any legal or natural person, whether a Party or non-party, directed to produce documents or information in this litigation.

4.    "Receiving Party" means any legal or natural person, whether a Party or non-party, who received documents or information, produced in this litigation.

5.    "Designating Party" means any legal or natural person, whether a Party or non-party, who designates "Confidential Information" or "Highly Confidential – Attorney's Eyes Only Information" under this Order.

6. "Outside Counsel" means a firm of attorneys with clients other than a Party hereto, none of whose members or associates are employees, officers, directors, or owners in any capacity of a Party hereto and whose offices are not located on the premises of a Party hereto.

7. "Independent Expert" and "Independent Consultant" mean an individual who has no other current relationship with any of the Parties hereto or any of their present competitors or employers and who is retained by a Party or a Party's outside counsel for the purpose of assisting in this litigation.

8. "Confidential Information" means any information, documents, or things produced or disclosed in this proceeding which the Producing Party reasonably believes in good faith to be or contain materials or information that constitute confidential nonpublic technical, commercial, personal, or business information that is subject to reasonable protection by the Producing Party.

9. "Highly Confidential – Attorney's Eyes Only Information" means any Confidential Information disclosed or produced in this litigation that the Producing Party reasonably believes in good faith to be or contain materials or information that constitute trade secrets or confidential proprietary information of such a competitively sensitive nature that disclosure should not be made to another Party or an employee or officer of another Party.

10. "Protected Information" means both Confidential Information and Highly Confidential – Attorney's Eyes Only Information.

**Designation of Protected Information**

11.     *Designation of Tangible Material*.  Documents and other tangible material claimed to be or to contain Protected Information shall, prior to production, be marked by the Producing Party as "Confidential" or "Highly Confidential – Attorney's Eyes Only." Placement of the Confidential or Highly Confidential – Attorney's Eyes Only designation on the first page of a protected document or on an entire box of documents when produced shall constitute the notice and shall designate the document or on the box of documents as Confidential or Highly Confidential – Attorney's Eyes Only material.  Copies, extracts, summaries, notes, and other derivatives of Confidential or Highly Confidential – Attorney's Eyes Only material also shall be deemed Confidential or Highly Confidential – Attorney's Eyes Only material and shall be subject to the provisions of this Protective Order.

12.     *Designation of Intangible Material*.  Intangible material claimed to be or to contain Protected Information shall be designated by the Producing Party as Confidential or Highly Confidential – Attorney's Eyes Only in a writing provided to the receiving Party at the time of production.

13.     *Designation of Electronic Data.*  Any material which is being produced in an electronic format, whether by CD-ROM, computer disk, magnetic tape, or otherwise, may be designated as Confidential or Highly Confidential – Attorney's Eyes Only by marking the object or thing containing the information sought to be designated as such.

14.     *Designation in Production Logs*.  In addition to designation in the manner set forth in paragraphs 8-10, the Producing Party shall provide a Production Log with each production indicating the Bates range of each document or other material produced that has

been designated as Protected Information, the custodian of the document, and its confidentiality status under this Order.

      15.    *Designation of Depositions*. Depositions or portions thereof upon oral or written questions may be designated as Protected Information either by an examining Party's attorney or by an attorney defending or attending the deposition. A Party or non-party claiming that a deposition or any portion thereof is Protected Information shall give notice of such claim to the other affected Parties and non-parties either prior to or during the deposition, or within five (5) days after receipt of the deposition transcript. No transcript shall be distributed prior to receipt of such notice or expiration of the five (5) notice period. The testimony taken and the transcript of such deposition or portion thereof shall be temporarily designated as Highly Confidential – Attorney's Eyes Only until such time as the testimony is re-designated by all Parties or non-parties claiming an interest in the testimony or the expiration of the five (5) day period referenced immediately above, whichever occurs first. If only a portion of a deposition is designated as Confidential or Highly Confidential – Attorney's Eyes Only: (a) the Highly Confidential – Attorney's Eyes Only portion(s) shall be transcribed and bound separately from a complete version of such deposition and shall be labeled Highly Confidential – Attorney's Eyes Only and treated as such pursuant to this Protective Order, (b) the Confidential portion(s) shall be transcribed and bound separately from a complete version of the deposition and shall be labeled Confidential and treated as such pursuant to this Protective Order, (c) the portions that do not contain Protected Information shall be transcribed and bound separately from a complete version of the transcript, and (d) the complete version shall be labeled Highly Confidential – Attorney's Eyes Only, if it contains information designated as Highly

Confidential – Attorney's Eyes Only, or Confidential and shall be treated accordingly pursuant to this Protective Order.

16. *Subsequent Designation*. Documents produced in this litigation that are not identified as Protected Information when they were initially produced may within a reasonable time thereafter be designated as Confidential or Highly Confidential – Attorney's Eyes Only by the Producing Party, or by any Party receiving the production, by providing written notice to counsel for all Parties and to any non-party who may be involved. Each Party or non-party who receives such written notice shall endeavor to retrieve any Protected Information that may have been disseminated, shall affix a Confidential or Highly Confidential – Attorney's Eyes Only designation to it, as the case may be, and shall thereafter distribute it only as allowed by this Protective Order , and by providing a Production Log as set forth in Paragraph 14 above. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

17. *Non-Party Materials*. Any non-party from whom materials are sought in connection with this litigation shall be provided with a copy of this Order and notified of the opportunity to designate materials under it. Thereafter, material furnished by the non-party will be:

Treated as Highly Confidential – Attorney's Eyes Only material for a period of five (5) business days from the receipt by all Parties of the production;

a. At any time on or before the tenth (10th) business day from receipt of the production, any Party to this litigation may specifically designate materials produced by the non-party as the Party deems appropriate pursuant to this Order. A Party who designates the non-party materials must promptly notify in writing all other Parties to this litigation and the Producing Party of such designation and must include a copy of the

non-party materials, properly marked with such notification.  Once non-party materials have been specifically designated as Confidential or Highly Confidential – Attorney's Eyes Only pursuant to this paragraph, the remaining provisions of this Order respecting Protected Information shall apply;

      b.      Any materials produced by a non-party that have not been specifically designated as Confidential or Highly Confidential – Attorney's Eyes Only by the non-party itself or by a Party within the ten-day period will lose their temporary status as Protected Information and will have no designation, subject to the provisions of Paragraph 16 of this Order.

    2.    *Designation not Determinative*.  The fact that information or material has been designated Confidential or Highly Confidential – Attorney's Eyes Only is not determinative of whether such information is, in fact, entitled to be designated as such.

    3.    *Modification of Designation*.  If any party objects to the designation of any discovery materials as "Confidential Information" or seeks to use such materials other than as permitted by this Stipulated Order, the party shall so state by letter to counsel for the designating party.  The parties shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of information as Confidential Information pursuant to the terms of this Stipulated Order.  In the event that the parties are unable to resolve any dispute concerning treatment of information as Confidential Information, the designating party shall, if it wishes to adhere to its designation, give written notice of its adherence to the designation within three (3) business days of receipt of a notice contesting such designation.  Thereafter, upon not less than five (5) days' notice, any party contesting such designation may, upon motion made to the court on notice to all parties, seek an order from the Court directing

that such information shall not be treated as Confidential Information pursuant to this Stipulated Order. Pending determination of such motion, any information previously designated as Confidential Information shall continue to be treated in accordance with its original designation.

      4.    *Information That Is Not Protected*. Information shall not be protected and shall not be designated as such if at the time of the production or disclosure, such information is in the public domain.

Any Party desiring to disclose designated Protected Information on the grounds that such information does not constitute Protected Information pursuant to the terms of this paragraph must, prior to disclosing the designated Protected Information, follow the procedures set forth in paragraph 19 for downgrading or eliminating the Confidential or Highly Confidential – Attorney's Eyes Only designation.

## Access to Protected Information

      5.    *Access to Confidential Information*. Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose or make available for inspection or copying any designated Confidential Information to any person, except the following:

      To the Court.

      a.    To Outside Counsel for a Party hereto who are responsible for or are otherwise participating in this litigation.

      b.    To secretaries, paralegals, and other staff employed in the offices of such counsel who are working on the case.

      c.      To court reporters transcribing a deposition, hearing, or other proceedings in this matter, when necessary and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

      d.      To witnesses in depositions and at trial or other court hearing, subject to the terms of paragraph 25 below.

      e.      To Independent Experts and Independent Consultants retained by Outside Counsel for a Party in good faith to assist in the preparation, settlement, or hearing of this case, subject to the terms of Paragraph 26 below.

      g.      To In-House Counsel and employees of a Party who are requested in good faith to provide assistance in the conduct of the Litigation. Any such In-House Counsel or employee of a Party to whom counsel makes a disclosure must be advised of, and become subject to, the provisions of this Agreement.

Each person entitled to receive Confidential Information (other than the Court and its personnel, and court reporters) shall, prior to gaining access to such information, sign an undertaking in the form attached as Exhibit A. No person entitled to receive Confidential Information shall in fact receive such information unless the Receiving Party has reason to believe that he or she has an actual need to know that information for purposes of the conduct of this litigation.

      2.      *Access to Highly Confidential – Attorney's Eyes Only Information*. Except as otherwise expressly provided herein or ordered by the Court, The Receiving Party shall not itself examine or review and/or, directly or indirectly, in whole or in part, reveal, disclose or make available for inspection or copying any designated Highly Confidential – Attorney's Eyes Only Information to any person, except the following:

      To the Court.

  a. To Outside Counsel for a Party hereto, provided that such Counsel is responsible for or is otherwise participating in this litigation.

  b. To secretaries, paralegals, and other staff employed in the offices of such Outside Counsel who are working on the case.

  c. To witnesses in depositions, subject to the terms of paragraph 28 below.

  d. To court reporters transcribing a deposition, hearing, or other proceeding in this matter, when necessary and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

  e. To Independent Experts and Independent Consultants retained by Outside Counsel for a Party in good faith to assist in the preparation, settlement, or trial of this case, subject to the terms of Paragraph 26 below.

Each person entitled to receive Highly Confidential – Attorney's Eyes Only Information (other than the Court and its personnel, and court reporters) shall, prior to gaining access to such information, sign an undertaking in the form attached as Exhibit A.  No person entitled to receive Highly Confidential – Attorney's Eyes Only Information shall in fact receive such information unless The Receiving Party has reason to believe that he or she has an actual need to know that information for purposes of the conduct of this litigation.

  2. *No Copies/Notes*.  Except for internal use by Outside Counsel for the Parties hereto, for internal use by Independent Experts and Independent Consultants who have access pursuant to this Confidentiality and Protective Order, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no individual granted access to Protected Information shall make copies, reproductions, transcripts, or facsimiles of the same or

any portion thereof or shall take notes or otherwise summarize the contents of such Protected Information.

      3.    *Agreements to Provide Access*.  The Parties may agree in writing or on the record to permit access to Protected Information to individuals not otherwise granted access by the terms of this Protective Order.  The writing or statement on the record must identify the particular individual to whom the Protected Information will be disclosed and specify, by Bates number if possible, the Protected Information to be disclosed.  Prior to such disclosure, Outside Counsel of record for all Parties in the action must have received an agreement in the form of Exhibit A hereto signed by the particular individual.

      4.    *Disputes over Access*.  If a dispute arises as to whether a particular individual should be granted access to Protected Information, the Party seeking disclosure may move the Court to permit the disclosure.  The Party seeking to disclose Protected Information to a particular individual shall have the burden of persuasion as to disclosure to that individual, although the designating Party shall always have the burden of persuasion as to the propriety of the designation as Confidential or Highly Confidential – Attorney's Eyes Only.

      5.    *Disclosure To Experts*.  Protected Information may only be disclosed to prospective Independent Experts or Independent Consultants in this litigation pursuant to the following procedures:

      In advance of the receipt of any Protected Information, the prospective Independent Expert or Independent Consultant, as well as, where applicable, any person working directly under their supervision in connection with their engagement for this litigation, signs a copy of the Confidentiality Agreement substantially in the form attached as Exhibit A.

## 1**Use of Protected Information**

2.  *Use in this Litigation Only*.  Protected Information may be used only in connection with this litigation, and specifically shall not be used or referred to, directly or indirectly, (a) for any business or competitive purpose, (b) for publicity, (c) in any advertising, or (d) in any material disseminated to any individual or entity not authorized to receive such material under the terms hereof, except as set forth above and in this Protective Order.  Each individual to whom the disclosure of any Protected Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

3.  *Use at Depositions*.  If Protected Information is to be discussed or disclosed during a deposition, the Producing Party or other designating Party shall have the right to exclude from attendance at the deposition, during the time the Protected Information is to be discussed, any individual not entitled under this Protective Order to receive the Protected Information.

## Other Provisions

4.  *Reasonable Precautions*.  Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Protected Information.

5.  *Storage*.  Protected Information subject to the terms of this Protective Order shall, when not in use, be stored in such a manner that individuals not in the employment or service of those possessing Protected Information will be unlikely to obtain access to the Protected Information.

6. *Return/Destruction After Litigation*. Within thirty (30) days of the final termination of this proceeding or sooner if so ordered by the Court, Outside Counsel for each Party shall return to Outside Counsel for the Party or non-party who furnished the same (or shall supervise the destruction of), all items constituting, containing, or reflecting the other Party's Protected Information. Outside Counsel for each Party also shall certify that all such Protected Information has been returned or destroyed. Notwithstanding the provisions of this Paragraph, Outside Counsel shall be permitted to retain for archival purposes one (1) copy of all documents admitted as exhibits during the hearing; all exhibits to depositions, affidavits, declarations or other statements offered into the record in this litigation; and all pleadings and attachments thereto filed in this litigation.

7. *Continuing Obligation*. Neither the termination of this litigation nor the termination of the employment, engagement, or agency of any individual who had access to any Protected Information shall relieve any individual from the obligation of maintaining both the confidentiality and the restrictions on use of any Protected Information disclosed pursuant to this Protective Order.

8. *Not an Admission*. Nothing in this Order or done by the Parties or a non-party pursuant to this Order shall constitute an admission by the Party, or shall be used as evidence, that information designated as Confidential or Highly Confidential – Attorney's Eyes Only Information is actually Protected Information. Furthermore, nothing contained herein shall preclude the Producing Party or other Party from raising any available objection, or seeking any available protection with respect to any Protected Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

9. *Effective Date*. This Protective Order shall serve as a stipulation and agreement between the Parties, and shall be effective immediately upon signature by counsel for all Parties and the Court.

10. *Inadvertent Production*. Any inadvertent disclosure of privileged information shall not be deemed a waiver of that privilege. Further, the production of any privileged item or information by a Producing Party shall not be asserted or deemed to constitute a waiver of any privilege relating to that item or information or the subject matter thereof.

So stipulated and agreed this _____ day of January, 2008.

[Signatures on Next Page]

| | |
|---|---|
| By:_____/s/_____<br>    Stuart H. Singer, Esq.<br>    William T. Dzurilla, Esq.<br>    Lauren E. Fleischer, Esq.<br>    **BOIES, SCHILLER & FLEXNER, LLP**<br>    401 East Las Olas Blvd., Suite 1200<br>    Fort Lauderdale, FL  33301<br>    Telephone:  (954) 356-0011<br>    Facsimile:  (954) 356-0022<br><br>    Bryan K. Nowicki, Esq.<br>    **REINHART BOERNER VAN**<br>      **DEUREN S.C.**<br>    22 East Mifflin Street<br>    Madison, WI  53703<br>    Telephone:  (608) 229-2200<br>    Facsimile:  (608) 229-2100<br><br>    *Attorneys for Plaintiff, FPL Energy Point Beach, LLL* | By:____/s/_____<br>    Thomas A. Doyle, Esq.<br>    James J. Dries, Esq.<br>    Donna Williams, Esq.<br>    **BAKER & MCKENZIE LLP**<br>    One Prudential Plaza<br>    130 East Randolf Drive<br>    Chicago, IL  60601<br>    Telephone:  (312) 861-3733<br>    Facsimile:  (312) 861-2899<br><br>    John Walsh, Esq.<br>    Michael J. Modl, Esq.<br>    P.O. Box 1767<br>    Madison, WI  53701-1767<br>    Telephone:  (608) 257-5661<br>    Facsimile:  (608) 257-5444<br><br>    *Attorneys for Defendant Energy Resources of Australia, Ltd.* |

**SO ORDERED, this 23rd day of January, 2008.**

                                    /**s**/
                                    _____
                                    **Hon. John C. Shabaz**

EXHIBIT A

**AGREEMENT CONCERNING INFORMATION COVERED BY
CONFIDENTIALITY AND PROTECTIVE ORDER**

**Re: FPL Energy Point Beach, LLC v. Energy Resources of Australia, Ltd., Case No. 07-Civ_0556-JCS**

  I have been designated by _____ as an individual who may have access to Confidential and/or Highly Confidential – Attorney's Eyes Only Information as those terms are defined in the Confidentiality and Protective Order entered in the above-entitled action.

  Having read the Confidentiality and Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all Protected Information as defined therein. I agree not to copy or disclose to any nonqualified individual or entity any Protected Information that has been disclosed to me.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this \_\_\_\_\_ day of _____, 2007.

_____
**Name**

_____
**Address**

_____
**Employer**

_____
**Job Title**